T.C. Summary Opinion 2009-138

UNITED STATES TAX COURT

RUSSELL S. ENGLE AND MICHELLE C. CHIOU, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2849-08S.                    Filed September 3, 2009.

Russell S. Engle and Michelle C. Chiou, pro sese.

<u>Brooke S. Laurie</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other
case.  Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code (Code) in effect for the year in

issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $14,793 deficiency in petitioners' 2004 Federal income tax and a section 6662(a) accuracy-related penalty.

In a stipulation of settled issues the parties agree to the following adjustments:

| Item | Amount Reported/ Claimed | Adjusted Amount |
|------|------|------|
| Income from a State income tax refund | $93 | $3,177 |
| Deduction for real estate taxes | 7,387 | 7,091 |
| Deduction for State and local income taxes | 9,782 | 7,788 |
| Deduction for charitable contributions | 7,416 | 6,376 |
| Deduction for insurance expenses | 12,329 | 10,937 |
| Deduction for utilities expenses | 13,552 | 10,164 |
| Deduction for other expenses | 15,146 | 11,379 |

In a stipulation of facts the parties agree that petitioners are entitled to deduct on Schedule C, Profit or Loss From Business, the following depreciation and section 179 expenses (and that these amounts were included in the amounts respondent allowed in the notice of deficiency):

| Description | Amount Claimed | Amount Allowed |
|------|------|------|
| Computers and peripherals | $7,155 | $7,155 |
| Office furniture | 1,607 | 1,607 |
| Computer software | 1,163 | 1,163 |

| | | |
|---|---|---|
| Mercedes ML320 light truck (truck) | 4,585 | [1]3,439 |
| Cellular telephone use | 987 | [1]740 |
| MACRS re: assets placed in service before 2004 | 17,006 | 17,006 |
| Other depreciation | 156 | 156 |

[1]Based on business usage rates of 75 percent.

The issues remaining[1] for decision are whether petitioners are:  (1) Entitled to a deduction for Schedule C depreciation and section 179 expenses in an amount greater than the $2,445 that respondent allowed; (2) entitled to a deduction for Schedule C car and truck expenses in an amount greater than the $5,678 that respondent allowed; and (3) liable for the section 6662(a) accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference.  When the petition was filed, petitioners resided in California.

During 2004 Michelle Chiou (Ms. Chiou) was a licensed real estate broker who owned and operated Prestige Realty, a real estate brokerage firm, and Russell Engle (Mr. Engle) worked for Ms. Chiou as a licensed real estate salesperson.  In November

---

[1]The amounts of petitioners' self-employment tax, self-employment tax deduction, child tax credit, and additional child tax credit are computational matters to be resolved in the parties' Rule 155 computations consistent with the Court's decision.  See secs. 24(a), (b), (d), 164(f), 1401, 1402.

2004 Ms. Chiou purchased a 2005 Honda Odyssey touring passenger minivan (minivan) for use in her real estate business for a total cash price of $41,519.29 (which includes a cash price of $38,310 for the minivan and accessories, a document preparation fee of $45, and sales tax of $3,164.29).  On Form 4562, Depreciation and Amortization, petitioners reported a cost basis of $41,524 for the minivan, and they elected to expense that amount under section 179.  They also claimed deductions for Schedule C car and truck expenses of $7,571 for the minivan and truck.  Evidently, petitioners claimed Schedule C car and truck expenses of $940 for the minivan and $6,597 for the truck.

Respondent examined petitioners' 2004 Federal income tax return.  Respondent determined that petitioners were entitled to a deduction for Schedule C depreciation and section 179 expenses of $2,445 for the minivan.[2]  Respondent also determined that petitioners were entitled to a deduction for Schedule C car and truck expenses of $5,678.[3]

Discussion

## I.  Burden of Proof

The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden to prove

---

[2]There is no indication in the record of how respondent determined the $2,445.

[3]There is no indication in the record of how respondent allocated the $5,678 between the minivan and the truck.

that the determinations are in error.  See Rule 142(a); <u>Welch v.
Helvering</u>, 290 U.S. 111, 115 (1933); see also <u>INDOPCO, Inc. v.
Commissioner</u>, 503 U.S. 79, 84 (1992) (stating that deductions are
strictly a matter of legislative grace and taxpayers bear the
burden of proving that they are entitled to claim the deduction).
But the burden of proof on factual issues that affect the
taxpayer's tax liability may be shifted to the Commissioner if
the taxpayer introduces credible evidence with respect to the
issue and he/she satisfies certain conditions.  Sec. 7491(a)(1)
and (2).  Petitioners have not alleged that section 7491(a)
applies, and they have neither complied with the substantiation
requirements nor maintained all required records.  See sec.
7491(a)(2)(A) and (B).  Accordingly, the burden of proof remains
on them.

II.  <u>Sections 162, 179, 274, 280F, and 6001 and the Regulations
     Thereunder</u>

Section 162(a) authorizes a deduction for all the ordinary
and necessary expenses paid or incurred during the taxable year
in carrying on any trade or business.  And when property is used
in a trade or business or held for the production of income, the
taxpayer may be allowed a depreciation deduction.  Secs. 167 and
168.  Alternatively, the cost of "section 179 property"[4] may be
expensed and deducted in the year that the property is placed

---

[4]See sec. 179(d) for the definition of the term "section 179
property".

into service in certain circumstances.  Sec. 179(a).  If the property is used for both business and other purposes, then the portion of the cost that is attributable to the business use is eligible for expensing under section 179(a) but only if more than 50 percent of the use is for business purposes.  Sec. 1.179-1(d), Income Tax Regs.  In addition, the amount of the deduction allowable under section 179(a) with respect to any listed property is subject to the limitations of section 280F(a),[5] (b),[6] and (d)(3) in the same manner as if it were a recovery deduction allowable under section 168.[7]  Sec. 280F(d)(1); sec. 1.280F-2T(b), Temporary Income Tax Regs., 49 Fed. Reg. 42705 (Oct. 24, 1984); Rev. Proc. 2004-20, sec. 4.01 and .02, 2004-1 C.B. 642, 643-646.

---

[5]Sec. 280F(a)(1) and (d)(7) limits the amount of the depreciation deduction of passenger automobiles to certain amounts for the applicable recovery period.  See Rev. Proc. 2004-20, sec. 4.01 and .02, 2004-1 C.B. 642, 643-646, for the applicable amounts of the limitations.

[6]Sec. 280F(b) provides that if listed property is not used predominantly in a qualified business use, then the depreciation deduction for the property is determined under sec. 168(g) (relating to the alternative depreciation system; i.e., the straight-line method) rather than sec. 168(a).

[7]In addition, the American Jobs Creation Act of 2004, Pub. L. 108-357, sec. 910, 118 Stat. 1659, amended sec. 179(b) by adding par. (6) and limiting the expendable cost under sec. 179(a) of a "sport utility vehicle" placed into service after Oct. 22, 2004, to $25,000.  See sec. 179(b)(6) for the definition of "sport utility vehicle".
Petitioners concede that the minivan's expendable cost under sec. 179(a) was limited to $25,000.

"Listed property" is defined to include passenger automobiles and any other property[8] used as a means of transportation.  Sec. 280F(d)(4)(A)(i) and (ii).  "Passenger automobile" means any four-wheeled vehicle that is manufactured primarily for use on public streets, roads, and highways and is rated at 6,000 pounds gross vehicle weight or less in the case of a truck or van.  Sec. 280F(d)(5).  It also includes any part, component, or other item that is physically attached or traditionally included in the purchase price of an automobile.  Sec. 1.280F-6(c)(2), Income Tax Regs.

The parties agree that the minivan's gross vehicle weight without any part, component, or other item is 5,953 pounds.  In addition, Mr. Engle testified that they purchased the minivan with five accessories, which were all-season floor mats that weighed 18 pounds, cargo boards that weighed 10 pounds, a cargo tray that weighed 6 pounds, a third-row sunshade that weighed 8 pounds, and a cargo mat that weighed 10 pounds.[9]  He testified that the cargo tray was stored in a well, the cargo boards "go on

---

[8]The term "listed property" does not include any other property used as a means of transportation if substantially all of the use of it is in a trade or business of providing to unrelated persons services consisting of the transportation of persons or property for compensation or hire.  Sec. 280F(d)(4)(C).  Petitioner's use of the minivan does not qualify for this exception.

[9]The sale/finance contract sets forth a cash price of $38,310 for the minivan and accessories that includes a cash price of $38,310 for the minivan and a cash price of "N/A" for accessories.

top of that area", and the cargo mat covered those. He testified that the combined weight of the five accessories is 52 pounds, and when they are added to the minivan's gross vehicle weight of 5,953 pounds, the total is 6,005 pounds. According to Mr. Engle, "since this exceeds 6,000 pounds, it is not a section 280F passenger vehicle, subject to the strict [substantiation and mileage log] rules for listed property."

To corroborate Mr. Engle's testimony on the acquired accessories, petitioners provided photographs of the minivan's interior that show the all-season floor mats, cargo mat, and third-row sunshade. Although there is no evidence to corroborate Mr. Engle's testimony as to the acquisition of the cargo boards and cargo tray, the Court observed his appearance and demeanor at trial and finds his testimony to be honest, sincere, and credible.

The Court therefore finds that the minivan's gross vehicle weight exceeds 6,000 pounds and that the minivan is excepted from the definition of passenger automobile. See sec. 280F(d)(5). Consequently, the amount of petitioners' deduction for Schedule C depreciation and section 179 expenses is not limited by section 280F(a). See supra note 5. But the catchall provision of section 280F(d)(4)(A)(ii) (relating to any other property used as a means of transportation) nevertheless applies, and the minivan is listed property. In addition, the minivan is not a qualified

non-personal-use vehicle.[10]  In short, petitioners' deductions for Schedule C depreciation and section 179 expenses and Schedule C car and truck expenses must be substantiated in accordance with section 274(d) and the regulations thereunder.

As a general rule, deductions are allowed only to the extent that they are substantiated.  Secs. 274(d) (no deductions are allowed for gifts, listed property, traveling, entertainment, amusement, or recreation unless substantiated), 6001 (taxpayers must keep records sufficient to establish the amounts of the items required to be shown on their Federal income tax returns).  If the taxpayer establishes that he/she has incurred a deductible expense yet is unable to substantiate the exact amount, the Court may estimate a deductible amount in some circumstances.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  But the Court cannot estimate a taxpayer's expenses with respect to the items enumerated in section 274(d).  Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); Rodriquez v. Commissioner, T.C. Memo. 2009-22.

Taxpayers are required to substantiate their deductions for listed property by adequate records or sufficient evidence to corroborate his/her testimony as to:  (1) The amount of the

---

[10]The flush language of sec. 274(d) provides that any qualified non-personal-use vehicle (as defined in sec. 274(i)) is not subject to the substantiation requirements of sec. 274(d). See sec. 1.274-5T(k)(2)(ii), Temporary Income Tax Regs., 50 Fed. Reg. 46033 (Nov. 6, 1985), for a list of examples of vehicles that constitute qualified non-personal-use vehicles.

expenditure (e.g., the cost of acquisition, maintenance or repairs, or other expenditures); (2) the amount of each business use and total use by establishing the amount of its business mileage and total mileage in the case of automobiles and other means of transportation; (3) time (i.e., the date of the expenditure or use); and (4) the business purpose for the expenditure or use. Sec. 274(d); sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

The temporary regulation further provides that taxpayers must maintain and produce such substantiation as will constitute proof of each expenditure or use. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., supra. Written evidence has considerably more probative value than oral evidence, and the probative value of written evidence is greater the closer in time it is to the expenditure or use. Id. Although a contemporaneous log is not required, a record made at or near the time of the expenditure or use that is supported by sufficient documentary evidence has a higher degree of credibility than a subsequently prepared statement. Id. The corroborative evidence required to support a statement not made at or near the time of the expenditure or use must have a high degree of probative value to elevate the statement and evidence to the level of credibility reflected by a record made at or near the time of the expenditure or use supported by sufficient documentary evidence. Id.

To satisfy the adequate record requirement, the taxpayer must maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record and documentary evidence that in combination are sufficient to establish each element of expenditure or use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). The adequate record must be prepared or maintained in such manner that each recording of an element or use is made at or near the time of the expenditure or use. Sec. 1.274-5T(c)(2)(ii), Temporary Income Tax Regs., supra.

Mr. Engle testified that the reason they "didn't keep a vehicle log is because, since it was being used exclusively for business, we didn't need to allocate between the business and the personal usage of the vehicle." He testified that the minivan's actual expenses were automatically downloaded by his Quicken software from their credit card and bank accounts, he "set the code for which expense belongs to which", and he used that information to prepare their tax return. He testified that the minivan was kept at their office and was used exclusively in their real estate business for business purposes, including: (1) Taking a buyer's initial deposit check to the title company; (2) taking disclosure paperwork to the buyer's agent; (3) representing sellers at inspection appointments; (4) meeting with contractors at the properties; (5) arranging clients' moves

and placing their things in storage; (6) taking clients to see properties; (7) driving to newly listed properties for brokers' tours; (8) driving to clients' properties to hold open houses; (9) meeting with buyers to prepare offers and meeting with sellers to present offers; and (10) driving from "Fremont to warehouses in Oakland, Hayward, I believe to San Jose, to look for tile that would match * * * the tile in the house." He testified that the truck was used a little after they purchased the minivan, but "almost all the driving was done with" the minivan because it was newer, looked better, got better mileage, and had a better navigation system. According to Mr. Engle, "we do remember * * * many of the trips." He testified that "we estimated that about a thousand miles of mileage was driven * * * in that" 5- to 6-week period.

Petitioners admitted that their reported 1,000 miles of business use and 1,000 miles of total use were mere estimates. Thus, they have failed to substantiate the amounts of the minivan's use. See sec. 274(d); sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., supra. With the exception of the minivan's cost, petitioners have not substantiated the amounts of each expenditure because their evidence does not establish that the amounts were expended for the minivan rather than for their truck or a sedan they also owned.[11] See sec. 274(d); sec.

---

[11]Petitioners did not submit the underlying receipts for the
(continued...)

1.274-5T(b)(6)(i)(A), Temporary Income Tax Regs., supra.
Petitioners' evidence also does not establish the date of each
expenditure or use.  See sec. 274(d); sec. 1.274-5T(b)(6)(ii),
Temporary Income Tax Regs., supra.  Their evidence also does not
substantiate the business purpose of each expenditure or use.[12]
See sec. 274(d); sec. 1.274-5T(b)(6)(iii), Temporary Income Tax
Regs., supra.  Accordingly, respondent's determinations are
sustained, and petitioners are not entitled to allowances for
Schedule C depreciation and section 179 expenses and Schedule C
car and truck expenses greater than the amounts that respondent
determined.

## III.  Accuracy-Related Penalty

Initially, the Commissioner has the burden of production
with respect to any penalty, addition to tax, or additional
amount.  Sec. 7491(c).  The Commissioner satisfies this burden of
production by coming forward with sufficient evidence that
indicates that it is appropriate to impose the penalty.  See
Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once the
Commissioner satisfies this burden of production, the taxpayer

---

[11](...continued)
expenditures but rather a spreadsheet entitled "Tax Schedule
2004" and bank/credit card statements.

[12]The Court also notes that although not determinative, the
sale/finance contract shows that the primary use for which the
minivan was purchased was for "personal, family, or household",
not "business or commercial".

must persuade the Court that the Commissioner's determination is in error by supplying sufficient evidence of an exception.  Id.

In pertinent part, section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty equal to 20 percent of the underpayment that is attributable to negligence or disregard of rules or regulations or a substantial understatement of income tax.[13]  "Negligence" includes "any failure to make a reasonable attempt to comply with the provisions of this title".  Sec. 6662(c).  Negligence also includes any failure by the taxpayer to substantiate items properly.  Sec. 1.6662-3(b)(1), Income Tax Regs.  The term "disregard" includes "any careless, reckless, or intentional disregard."  Sec. 6662(c).

Section 6664(c)(1) is an exception to the section 6662(a) penalty:  no penalty is imposed with respect to any portion of an underpayment if it is shown that there was reasonable cause therefor and the taxpayer acted in good faith.  Section 1.6664-4(b)(1), Income Tax Regs., incorporates a facts and circumstances test to determine whether the taxpayer acted with reasonable cause and in good faith.  The most important factor is the extent of the taxpayer's effort to assess his/her proper tax liability.  Id.  "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact

---

[13]Because the Court finds that petitioners were negligent or disregarded rules or regulations, the Court need not discuss whether there is a substantial understatement of income tax.  See sec. 6662(b); Fields v. Commissioner, T.C. Memo. 2008-207.

or law that is reasonable in light of * * * [the taxpayer's] experience, knowledge and education".  Id.

Petitioners conceded that they understated the income from their State income tax refund by $3,084.  See supra p. 2.  In addition, they conceded that they overstated many of their claimed deductions.  See supra pp. 2-3 and note 7.  They also have not maintained adequate books or records nor substantiated their deductions in accordance with sections 274 and 6001 and the regulations thereunder.  See sec. 1.6662-3(b)(1), Income Tax Regs.  The Court, therefore, finds that respondent has met his burden of production, petitioners were negligent or disregarded rules or regulations, and they have not established that they acted with reasonable cause and in good faith with respect to their noncompliance with the Code's requirements.  Respondent's determination is sustained.

To reflect the foregoing,

Decision will be entered
under Rule 155.